**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHRISTINA DOVE,**

    **Plaintiff,**

v.                                                         Case No.  **8:11-cv-1824-T-30TGW**

**CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Cellco Partnership d/b/a Verizon Wireless' Motion for Summary Judgment (Dkt. 25) and Plaintiff's Response in opposition (Dkt. 31).  The Court, having considered the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted.

## RELEVANT BACKGROUND[1]

Defendant Cellco Partnership d/b/a Verizon ("Verizon") is the nation's largest wireless service provider.  Verizon conducts business across the country, including operating

---

[1] The Relevant Background stated herein is limited to Plaintiff's claim that she was demoted from her lead position (on or about August 2008) because of her gender; Plaintiff waived any other claims of discrimination because she stated at her deposition that she was <u>not</u> claiming in this action that she was denied any other positions due to her gender.  *See* Dkt. 26-1 at 281-282; *see also Ross v. Jefferson County Dep't of Health*, 701 F.3d 655, 661 (11th Cir. 2012) (holding that plaintiff waived her race discrimination claim by responding "no" when asked during her deposition whether she thought that her termination was related to her race).  Notably, Plaintiff's <u>response</u> to the instant motion does not address any other claim other than Verizon's application of the conflict of interest policy with respect to her August 2008 demotion.

the South Area Telesales Department in Tampa, Florida. In the South Area Telesales Department, the employees generally are responsible for completing sales of Verizon's service and equipment with customers over the telephone. Verizon maintains policies that address the company's intolerance of discrimination on the basis of sex, race, national origin, religion, age, disability, and other classifications protected by law. These policies further outline the means by which employees may bring complaints of discrimination.

On June 16, 2003, Verizon hired Plaintiff Christina Dove as a Telesales Representative. During that time, Dove completed and signed a "Conflicts of Interests Questionnaire" on which she denied the existence of any conflicts of interest. The Questionnaire covered whether Dove was currently in a management reporting structure where Dove was subordinate to, or managing either directly or indirectly, an immediate family member, member of her household, or person with whom she had a close personal relationship; Dove answered no.

On February 1, 2008, Verizon promoted Dove to the position of Telesales Senior Representative. Telesales Senior Representatives are responsible for "releasing" orders from other telesales teams within the department, which serves as a check on the ordering process. This is one of the safeguards in place to ensure the telephonic orders are valid and accurate. In this position, Dove had the ability to release orders submitted by the telesales team supervised by her father, Frederick Hifko, Sr. ("Hifko"), a Telesales Supervisor. Hifko had been a Supervisor for several years before Dove was promoted to the Telesales Senior Representative position.

Section 2.2.1 of Verizon's Code of Business Conduct states in pertinent part:

> You may not supervise someone with whom you share a close personal relationship, such as anyone in your family or household, or someone with whom you have or had a romantic relationship. Nor may you participate in the selection process for, or supervise Verizon Wireless' relationship with, a company that does business with Verizon Wireless if it employs someone with whom you have such a close personal relationship.
>
> If you supervise someone, even indirectly, with whom you have one of the relationships described above, or if you have such a relationship with an employee of a company that does business with Verizon Wireless and has the ability to influence decisions affecting Verizon Wireless, you must disclose the relationship as soon as you become aware of it. To report a conflict of interest, or potential conflict of interest, call the Compliance Guideline.

(Dkt. 26-45). Verizon also had a policy pertaining to Relationships at Work as follows, in pertinent part:

> An employee's relative may not be hired if a direct or indirect supervisor/subordinate relationship is created by the action. For the purposes of this guideline, relatives (biological, adopted, step and in-laws) include spouse, domestic partner, parents, grandparents, brothers and sisters, aunts, uncles, cousins, nieces, nephews, children and grandchildren.
>
> An employee may not hire a relative to work within his/her management scope (e.g., department, organization, etc.) and a relative may not post for a job within a relative's management scope.

(Dkt. 26-46).

During her deposition, Dove acknowledged that she was aware that employees were not permitted to release orders made by family or household members.

In July 2008, Verizon's Human Resources Department learned of the conflict of interest caused by Dove's ability to release orders made by her father's telesales team. Verizon determined that, to resolve the conflict, it made the most business sense to move Dove back to her previous Telesales Representative position, as it was her promotion to the Telesales Senior Representative position that caused the conflict. Dove was notified of the decision and transferred back to her former Telesales Representative position on August 1, 2008, which eliminated the conflict of interest because Telesales Representatives are not responsible for releasing orders from other teams and Dove was not assigned to her father's team. No one replaced Dove in the position of Telesales Senior Representative.

Subsequently, Dove sent e-mails to Verizon's management team requesting formal documentation on why she was demoted. She also had a meeting with associate directors Ray Bouckenooghe and Shelby Fox on September 4, 2008, and stated that another employee Chris Woodcock was recently promoted to a supervisor position which created a conflict of interest with his girlfriend Melissa Burr. She also told Bouckenooghe and Fox that she believed she was being discriminated against based on her gender. That same day, Bouckenooghe sent an e-mail to Dove stating, in pertinent part: "For clarification the reason why you were asked to step down was simply an act out of our Code of Business Conduct guidelines, which is stated below. Due to the fact that your father is a supervisor and you were a lead, both management roles, there was a conflict of interest. In no way was this movement based on your performance." (Dkt. 26-48). Bouckenooghe also stated in the e-mail that Dove was "a great Verizon Wireless employee and an asset to [the] department"

and that Dove was eligible to "post out of [the] department to follow [her] career path at any time". *Id.*

In October 2008, upon review of the business structure of the South Area Telesales Department in Tampa, Florida, Verizon Wireless eliminated the Telesales Senior Representative position. All of the employees in that position were transferred back to Telesales Representative positions and placed on the same commission structure as Dove.

On May 31, 2009, Dove voluntarily resigned from her employment with Verizon.

On July 14, 2011, Dove filed a two-count complaint alleging that Verizon discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.*

## **DISCUSSION**

Verizon moves for summary judgment on Dove's discrimination claim, to wit, that Verizon discriminated against Dove based on her gender when it demoted her in August 2008. When the record fails to reflect any direct evidence of gender discrimination, as is the case here, the claim is governed by the familiar burden-shifting scheme set forth under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Thus, Dove may survive summary judgment by establishing a prima-facie case that she was (1) a qualified member of a protected class; (2) subject to an adverse-employment action; and (3) treated less favorably than a similarly situated individual outside the protected class. *See Wilson v. B/E Aerospace, Inc.,* 376 F.3d 1079, 1087 (11th Cir. 2004). Once Dove shows these elements,

the burden shifts to Verizon (the employer) to articulate a legitimate and non-discriminatory reason for the adverse action. *Id.* If Verizon can articulate one or more non-discriminatory reasons, "then the presumption of discrimination is rebutted, and the burden of production shifts to [Dove] to offer evidence that the alleged reason ... is pretext for illegal discrimination." *Id.*

Upon review of the record, the Court concludes that Verizon is entitled to summary judgment because, even assuming for the sake of argument that Dove could establish a prima-facie case, Verizon articulated a legitimate, non-discriminatory reason for Dove's demotion and Dove failed to establish that this reason was pretext for discrimination. The record is undisputed that Dove's promotion to Telesales Senior Representative created a conflict of interest prohibited by Verizon's policies caused by Dove's ability to release orders made by her father's telesales team.

Dove attempts to establish pretext by speaking in general and conclusory terms about other employees who similarly violated Verizon's relationships at work policy and were not similarly treated, i.e., demoted. Dove offers her 13-page Declaration in support of this evidence. But her Declaration is the death-knell of her claim because it establishes that Verizon failed to apply its conflict of interest/relationships at work policies equally with respect to male and other <u>female</u> employees. Dove's Declaration states, in pertinent part, "given the language of [Verizon's] policy, the following individuals were also in direct violation during their employment: Chris Woodcock, Melissa Burr, Eric Stanley, Ed Chihanick, Mike Mestre, Christopher Mestre, Andrea Cushing, Brain Cushing, Karen West,

Matthew Marino, Tyson Haas, Kendra Haas, Anthony Lang, Lindsay Lang, Geraldine Thomson, the Fonseca family, and the (Jason) Burr family." (Dkt. 32 at 6). Dove's Declaration also states with respect to these individuals: "Nearly all of these individuals started in the exact same position with the company, Telesales Representative." *Id.* at 7.

Verizon's failure to apply its policies similarly to employees, other than Dove, regardless of gender, casts some doubt on Verizon's reason for Dove's demotion, but this evidence does not show that Verizon's reason was a pretext *for discrimination*. To the contrary, taking the evidence in a light most favorable to Dove, the evidence establishes only that Verizon did not demote anyone (whether male or female) who similarly violated the policy. Such evidence cannot establish pretext, however, because a reason cannot be "pretext *for discrimination* unless it is shown both that the reason was false, *and that discrimination was the real reason*." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515 (1993) (internal quotation marks omitted) (emphasis added); *see also Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266-67 (11th Cir. 2010); *Brooks v. Cnty. Comm'n of Jefferson Cnty.,* 446 F.3d 1160, 1163 (11th Cir. 2006). While the list of individuals in Dove's Declaration might call into question Verizon's application of its policies, that list of both males, females, and entire families cannot prove pretext for gender-based discrimination.

In sum, the record is bereft of any evidence that discrimination based on gender was the real reason for Dove's demotion. Dove admitted during her deposition that nobody at Verizon had used any gender or racial terms towards her. (Dkt. 26 at 60). Dove's demotion did not result in her being replaced by an employee outside her protected class. And,

subsequent to her demotion, Bouckenooghe encouraged Dove to further her career at Verizon.

Dove's beliefs, conclusions, speculations, and suspicions that Verizon knew about her marriage to Jeff Dove and that "all Hifkos were related" and subsequently eliminated the Telesales Senior Representative position because of her complaints of gender discrimination are insufficient to establish a genuine issue for trial because they are not based on evidence other than Dove's opinion.[2] *See Carter v. City of Miami,* 870 F.2d 578, 585 (11th Cir. 1989) (noting the plaintiff's subjective conclusions, without supporting evidence, are insufficient to raise an inference of intentional discrimination); *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 597 (11th Cir. 1987) (stating conclusory allegations, without more, are insufficient to raise an inference of discrimination); *Roberson v. Bowie States Univ.,* 899 F. Supp. 235, 238 (D. Md. 1995) (holding bare allegations that negative consequences occurred because one complained about employment practices is insufficient to state a claim of race discrimination under the 12(b)(6) pleading standard); *see also Hawthorne v. Baptist Hosp., Inc.,* 2010 WL 716539, at *3 (N.D. Fla. 2010); *Reeves v. DSI Security Services, Inc.,* 2008 WL 2568477, at *4 (M.D. Ala. 2008), *Gore v. GTE South, Inc.,* 917 F. Supp. 1564, 1571 (M.D. Ala. 1996).

Finally, Dove's statements in her Declaration about what she heard secondhand are inadmissible hearsay, which cannot be used to defeat summary judgment. *See Alvarez*, 610 F.3d at 1268.

---

[2] Notably, large portions of Dove's Declaration read like stream-of-consciousness thoughts, confusingly jump around in chronology, and discuss incidents of alleged retaliation and a hostile work environment, which are not claims in this lawsuit and not related to the issue of pretext.

In conclusion, it is important to note that the Eleventh Circuit stresses the following on pretext:

> Title VII does not require the employer's needs and expectations to be objectively reasonable; it simply prohibits the employer from discriminating on the basis of membership in a protected class. We do not sit as a "super-personnel department," and it is not our role to second-guess the wisdom of an employer's business decisions-indeed the wisdom of them is irrelevant-as long as those decisions were not made with a discriminatory motive. *Chapman*, 229 F.3d at 1030. That is true "[n]o matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers." *Id.* (quotation marks and citations omitted); *see also Nix v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1187 (11th Cir. 1984) ("[An] employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."); *Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1399 (7th Cir. 1997) (listing, among "embarrassing" but non-actionable reasons under Title VII, "nepotism, personal friendship, the plaintiff's being a perceived threat to his superior, a mistaken evaluation, the plaintiff's being a whistleblower, the employer's antipathy to irrelevant but not statutorily protected personal characteristics, a superior officer's desire to shift blame to a hapless subordinate ... or even an invidious factor but not one outlawed by the statute under which the plaintiff is suing; ... or there might be no reason").

*Alvarez*, 610 F.3d at 1266-67.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Cellco Partnership d/b/a Verizon Wireless' Motion for Summary Judgment (Dkt. 25) is GRANTED.

2. Defendant's Motion for Leave to File a Reply (Dkt. 33) is DENIED AS MOOT.

3. The Clerk of Court is directed to enter final judgment in favor of Defendant and against Plaintiff.

4.  The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1824.msj25.frm